# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                NO. 4:09CR00069 JLH

TERRY L. SANDERS                                                     DEFENDANT

## OPINION AND ORDER

Terry L. Sanders pled guilty to one count of conveying false information related to a terrorism incident, a Class D felony, in violation of 18 U.S.C. § 1038(a)(1). On September 18, 2009, this Court sentenced him to a term of imprisonment of thirty months to run consecutively to his undischarged term of imprisonment in the Texas Department of Criminal Justice, followed by three years of supervised release. The judgment and commitment order stated that the defendant must report to the probation office in the district to which he is released within seventy-two hours of release from the custody of the Bureau of Prisons.

Following his sentencing in this Court, Sanders was returned to the Texas Department of Criminal Justice to complete his undischarged term of imprisonment there, and the United States Marshals Service lodged a detainer. On January 14, 2011, Sanders completed his term in the Texas Department of Criminal Justice. He was then sent to the County Jail in Webb County, Texas, on January 22, 2011. He was released from the Webb County Jail on February 2, 2011, in disregard of the detainer that had been lodged by the United States Marshals Service. Sanders was released so that he could appear in Craighead County, Arkansas, to face charges pending there. Those charges subsequently were *nolle prossed*, however, and the hearing he was scheduled to attend was cancelled.

On June 2, 2011, the United States Marshals Service did a periodic check on Sanders'

custody status and learned that he had been released. On July 11, 2011, the United States filed a motion for an arrest warrant of Sanders, stating, in part, that Sanders had failed to appear in Craighead County. On March 30, 2012, the United States Marshals Service arrested Sanders in New York, New York, where he was planning to board a flight departing for Manila. Sanders was then returned to this district.

Upon his return to this district, Sanders filed a pro se motion to appoint counsel, which the Court granted. The Court appointed Assistant Public Defender Molly K. Sullivan to represent Sanders. Sullivan filed a motion on Sanders' behalf, requesting that he be remanded to the custody of the Bureau of Prisons so that he could begin serving his term of imprisonment. The Court entered an order granting the motion and remanding Sanders to the Bureau of Prisons. Sanders then filed a pro se motion objecting to the order and requesting a hearing at which he could show that he did not fail to appear in Craighead County, Arkansas, as had been alleged. In his pro se motion, Sanders stated that he had been in federal custody from April 2009 until February 2010, and in the custody of the Webb County Jail from January 22, 2011, until February 28, 2011, and on that basis he requested jail time credit totaling thirteen months and six days. The Court denied Sanders' motion, noting that the determination of credit for time served must be left to the Bureau of Prisons according to *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

Sanders has now filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Sanders asserts three grounds for relief. First, he contends that his due process rights were violated because he was remanded to prison without a *Franks* hearing on the issue of whether the affidavit in support of the motion for a warrant contained false information. Second, he argues that the Court lacked jurisdiction to issue the order remanding him to the Bureau of Prisons

because 120 days had passed from the time the sentence was imposed. Third, Sanders argues that his appointed lawyer was ineffective. Sanders also argues that he should be given jail time credit for the time between the date that he discharged his sentence in the Texas Department of Criminal Justice and the date that he was arrested by the United States Marshals Service, though it is not clear as to which of his grounds for relief this argument relates.

As to the first ground, Sanders' due process rights were not violated. Sanders entered a plea of guilty to the charges, and the Court imposed sentence pursuant to the governing statutes and rules of criminal procedure. Sanders appealed, and the United States Court of Appeals for the Eighth Circuit affirmed. Because Sanders' sentence was to run consecutively to the undischarged term of imprisonment in the Bureau of Prisons, when he completed his term in the Texas Department of Criminal Justice he should have been turned over to the United States Marshals Service pursuant to the detainer to be transported to the Bureau of Prisons. Instead, the Texas authorities released him, and Sanders disappeared without serving the sentence imposed by this Court. According to the United States Marshals Service, Sanders was found in New York and was planning to leave the country. He was arrested and returned to this district. At that point, the only proper course was to remand Sanders to the Bureau of Prisons.

The Eighth Circuit has explained:

> To prevail on a *Franks* challenge, a defendant must show the following: (1) the affiant officer knowingly and intentionally, or with reckless disregard for the truth, included a false or misleading statement in, or omitted information from, the affidavit in support of the warrant; and (2) "the affidavit would not establish probable cause if the allegedly false information is ignored or the omitted information is supplemented."

*United States v. Cowling*, 648 F.3d 690, 695 (8th Cir. 2011) (quoting *United States v. Mashek*, 606 F.3d 922, 928 (8th Cir. 2010)). The allegedly false information in the affidavit for the warrant was

3

that Sanders failed to appear in Craighead County. Sanders says that that statement was false because the charges against him were dismissed. The warrant was not issued, however, because Sanders failed to appear in Craighead County; instead, the warrant was issued because Sanders had been sentenced to a term of imprisonment in the Bureau of Prisons, he had not discharged his sentence, and his whereabouts were unknown. Disregarding the false information, even if the Court had conducted a hearing, the outcome would have been the same.

As to the second ground, Sanders contends that the Court lost jurisdiction to modify his sentence when 120 days had elapsed following imposition of sentence. The Court did not, however, modify Sanders' sentence. Rather, the Court entered an order directing that the sentence previously imposed be executed. The passage of time did not divest this Court of jurisdiction to enforce its orders. *United States v. Queen*, 433 F.3d 1076, 1078 (8th Cir. 2006).

With respect to Sanders' third claim, there is contradictory evidence in the record. Sanders states that Sullivan, his court-appointed lawyer, never met with him, never consulted with him, and did no investigation before filing the motion asking that he be remanded to the Bureau of Prisons. In contrast, Sullivan has testified by affidavit that she and an investigator in her office spent approximately ninety-two hours working on Sanders' case. She states that they researched the issues, communicated with Sanders in person and by telephone, and located all of the necessary documents to provide to the Bureau of Prisons to assist in the proper calculation of the time that Sanders was to serve.

Regardless of who is telling the truth, Sanders' claim of ineffective assistance of counsel fails. A convicted person who claims that his lawyer was ineffective must not only show that the lawyer's performance was deficient, but also that there is a reasonable probability that but for the

4

deficient performance by counsel, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 695, 104 S. Ct. 2052, 2069, 80 L. Ed. 2d 674 (1984). Sanders has presented nothing to show that there is a reasonable probability that the outcome would have been different had his court-appointed lawyer performed differently.

As previously noted, Sanders contends that he has not been given all of the jail time credit that he deserves. He argues that his jail time credit should include the time between the date that he discharged his sentence in the Texas Department of Criminal Justice and the date that he was apprehended in New York. *See Smith v. Swope*, 91 F.2d 260 (9th Cir. 1937). As this Court stated in an earlier order, the computation of credit for time served is done by the Bureau of Prisons. "Once administrative remedies are exhausted, prisoners may then seek judicial review of the jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241." *Pardue*, 363 F.3d at 699 (quoting *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999)). With his response to the government's answer, Sanders has attached documents that he has filed in the Bureau of Prisons in an effort to seek the jail time credit that he is seeking in this action. The latest communication from the Bureau of Prisons in response to his request is from the Regional Director dated 9/4/12. That response states:

> A review of your complaint reveals further investigation is warranted in your case. Therefore, your file has been forwarded to the Designation and Sentence Computation Center (DSCC) for further review. You will be advised of the DSCC's determination upon completion of the review.
>
> Accordingly, this response to your Regional Administrative Remedy Appeal is for informational purposes only. If dissatisfied with this response, you may appeal to the Office of General Counsel, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

Document #93 at 28. The record shows neither that review by the DSCC has been completed nor that Sanders has appealed to the Office of General Counsel. Thus, the record does not show that

Sanders has exhausted his administrative remedies, though he claims, in his amended answer to the United States' response, that he has. Because Sanders has not exhausted his administrative remedies, he may not seek habeas corpus relief regarding jail time credit. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000).

Even if Sanders had exhausted his administrative remedies, this Court could not grant the relief he seeks. As noted, after all administrative remedies have been exhausted, a prisoner can seek relief in a petition filed pursuant to 28 U.S.C. § 2241. Venue for a petition under 28 U.S.C. § 2241 lies in the district where the prisoner is confined, the District of Columbia, or in any district in which the Bureau of Prisons maintains a regional office. *Chappel*, 208 F.3d at 1069-70. Sanders is confined in Coleman, Florida, which is not in this district. The Bureau of Prisons does not maintain a regional office in the Eastern District of Arkansas. Thus, this Court would not be the proper venue for Sanders' section 2241 petition, even if he had exhausted his administrative remedies.

## CONCLUSION

For the reasons stated, the motion of Terry L. Sanders to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Because Sanders has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will be issued.

IT IS SO ORDERED this 9th day of November, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE